FILED
CLERK
8/27/2026 4:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

KRISTIN ANN SMITH-O'NEILL,

Debtor,
-----------------------------------------------------------------X

KRISTIN ANN SMITH-O'NEILL,

Appellant,

-against-

ROBERT PRYOR,

Appellee.

-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 25-4476 (GRB)

**GARY R. BROWN, United States District Judge:**

The instant case is an appeal from an order in the bankruptcy proceeding of debtor Kristin Ann Smith-O'Neill ("Smith-O'Neill" or "appellant") under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. Specifically, Smith-O'Neill, proceeding pro se, appeals from an order of the Honorable Alan S. Trust, dated July 24, 2025, which dismissed the Chapter 7 case. For the reasons set forth below, the Court dismisses the appeal.

## BACKGROUND

The following facts are taken from the record of the Bankruptcy Court in the underlying bankruptcy proceeding.

**(1) Pre-Petition Background**

Appellant Kristin Ann Smith-O'Neill and her husband James O'Neill (the "tenants") entered into a written lease agreement with property owner Tuere Rodriguez ("Rodriguez" or the "property owner") to rent a basement apartment at 33 Kinsella Street, Dix Hills, NY 11746 (the "premises"). (Bankr. DE 1, 9.) Despite the expiration of the lease agreement and the tenants' failure to pay any rent for the apartment since July 26, 2024, the tenants continued to occupy the premises. Rodriguez commenced summary proceedings for eviction in the District Court of the County of Suffolk, Third District (the "state court") seeking possession of the premises, issuance of a warrant to remove the tenants, and judgment against the tenants for rent arrears and legal fees. (*Id.*) The state court issued a Notice of Eviction Proceedings to the tenants, and a final trial date was scheduled for October 31, 2024. (Bankr. DE 25.)

**(2) Post-Petition Background**

On October 18, 2024, Kristin Ann Smith-O'Neill filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), captioned *In re Kristin Ann Smith-O'Neill*, Case No. 24-73997-ast. (Bankr. DE 1.) That same day, she filed an application to have the Chapter 7 filing fee waived. (Bankr. DE 2.) Robert Pryor was appointed the interim Chapter 7 trustee of the estate. (Bankr. DE 4.)

On October 29, 2024 and December 4, 2024, Rodriguez moved for relief from the automatic stay in the Bankruptcy Court pursuant to 11 U.S.C. § 362(d)(1) to permit the property owner to proceed with eviction proceedings to take possession of the apartment. (Bankr. DE 9, 14.) Chief Judge Trust held a hearing on January 16, 2025, and Smith-O'Neill was present. (Bankr. DE 14.) By Order dated March 4, 2025, the Bankruptcy Court granted the motion and

terminated the automatic stay for cause as to Rodriguez so that the property owner could exercise his remedies under applicable state law. (Bankr. DE 25.)

On March 12, 2025, the Bankruptcy Court determined that Smith-O'Neill's income exceeded the poverty guidelines and denied her application to have the Chapter 7 filing fee waived. (Bankr. DE 2, 26.) Chief Judge Trust then set forth a payment schedule and directed Smith-O'Neill to pay the $338.00 filing fee in four installments as follows: the first installment payment of $84.50 due on or before April 1, 2025; the second installment payment of $84.50 due on or before May 1, 2025; the third installment payment of $84.50 due on or before June 1, 2025; and the final installment payment of $84.50 due on or before July 1, 2025. (*Id.*) Smith-O'Neill failed to make any of the payments. On July 10, 2025, the Clerk of the Court issued a Notice of Proposed Dismissal to Smith-O-Neill. (Bankr. DE 28.) The Notice stated there was a balance of $338.00 due and advised that if it was not paid within ten (10) days, the case may be dismissed without further notice. (*Id.*) Smith-O'Neill failed to make the requisite payment.

On July 24, 2025, Chief Judge Trust entered an order dismissing the case stating:

> Debtor requested permission to have the filing fee in this case waived. The Court entered an Order dated March 12, 2025 denying Debtor's request and setting forth a schedule to pay the filing fee. However, Debtor failed to pay the filing fee as required by the Order. Based thereon, it is hereby ordered that this case shall be and hereby is dismissed.

(Bankr. DE 30.) A Notice of Dismissal was mailed to Smith-O'Neill. (Bankr. DE 31.)

Thereafter, on July 30, 2024, Smith-O'Neill attempted to make a payment in the amount of $338.00, however, the payment was returned for insufficient funds on August 7, 2025. (Bankr. DE 32.)

On August 8, 2025, Smith-O'Neill filed a notice of change of address. (Bankr. DE 34.)

**(3) Procedural History**

On August 11, 2025, Smith-O'Neill, proceeding pro se, filed an appeal from the Bankruptcy Court's order dated July 24, 2025 in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 158. DE 1. The deputy clerk for the Bankruptcy Court sent a notice to Smith-O'Neill concerning the requirements and deadlines for her appeal. *Id.* The notice advised appellant, *inter alia*, that a designation of the record on appeal and statement of issues to be presented ("designation and statement") were due to be served and filed within fourteen (14) days of the docketing of the appeal in accordance with Federal Rule of Bankruptcy Procedure 8009. *Id.*; *see* Fed. R. Bankr. P. 8009(a)(1). The notice further informed appellant that the designation must include a list of items to be included in the record on appeal. *Id.*

The bankruptcy record was docketed in this Court on September 8, 2025. DE 1. The Clerk of the Court sent notice to Smith-O'Neill that same day informing her that the record received was incomplete. DE 2. The notice further advised appellant that she must serve and file a brief within thirty (30) days of the docketing of the appeal in accordance with Federal Rule of Bankruptcy Procedure 8018. *Id.*; *see* Fed. R. Bankr. P. 8018(a)(1). The notice was mailed to Smith-O'Neill at her address of record, which was listed on the notice of appeal. Appellant did not file a designation and statement and did not timely file an appellate brief.

On April 29, 2026, this Court ordered appellant to serve and file the outstanding portions of the bankruptcy record as well as to submit a brief in support of her appeal by May 29, 2026. *See* Order dated April 29, 2026. The Court informed Smith-O'Neill that under Bankruptcy Rule 8018, "the district court . . . after notice, may dismiss the appeal on its own motion" where the appellant fails to file a brief on time. *Id.* (citing Fed. R. Bankr. P. 8018(a)). The Court

specifically notified appellant that "[f]ailure to comply with this order will result in dismissal of this appeal without further notice pursuant to Bankruptcy Rule 8018." *Id.* Smith-O'Neill did not supplement the bankruptcy record or file an appellate brief, and she has not communicated with the Court since the time of filing her notice of appeal over one year ago.

Familiarity with the factual background and procedural history in both the Bankruptcy Court and this Court are assumed.

## STANDARD OF REVIEW

This Court has jurisdiction to review appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3); *see In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 2011)[1] (noting district courts have jurisdiction to "review all final judgments, orders, and decrees of the bankruptcy courts"). "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from district courts." 28 U.S.C. § 158(c)(2). This Court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree" or it may remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. A bankruptcy court's order is final "if it completely resolve[s] all the issues pertaining to a discrete claim, including issues as to proper relief." *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996).

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and alterations.

In this posture, district courts typically review a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 426 (2d Cir. 2009). However, because a bankruptcy court's determination to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion. *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007); *see In re Chovev*, 558 B.R. 339, 343-44 (Bankr. E.D.N.Y. 2016) (holding that "[t]he determination of what constitutes cause to dismiss an individual debtor's Chapter 7 case is left to the discretion of the court"). "A bankruptcy court exceeds its allowable discretion where its decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding." *In re Smith*, 507 F.3d at 73; *see In re Fletcher Int'l, Ltd.*, 661 F. App'x 124, 126 (2d Cir. 2016). "As to the factual findings that underlie that decision, an abuse of discretion is deemed to occur only when such findings are clearly erroneous, *In re Blaise*, 219 B.R. 946, 950 (2d Cir. 1998), that is, where there is a "definite and firm conviction that a mistake has been committed," *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

In conducting this review, the Court is mindful of its obligation to afford "special solicitude" to a pro se litigant and therefore construes any filing by the pro se litigant liberally to raise the "strongest arguments it suggests." *Harris v. Miller*, 818 F.3d 49, 56-57 (2d Cir. 2016). Nonetheless, it is well-established that pro se litigants, including litigants in bankruptcy proceedings, are "required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995).

**DISCUSSION**

The Federal Rules of Bankruptcy Procedure govern the requirements and deadlines for appeals, including the required filings of a designation and statement and an appellate brief.

Rule 8009(a) of the Federal Rules of Bankruptcy Procedure directs that within 14 days after filing the notice of appeal, the appellant must file with the bankruptcy clerk, and serve on the appellee, a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1). The failure to file or serve the required designation and statement may be grounds for dismissal. *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005); *see Miles v. Chase Bank*, No. 20-CV-4748 (RPK), 2022 WL 842073, at * 2 (E.D.N.Y. Jan. 24, 2022). If an appellant fails to timely file a designation and statement, a district court may extend an appellant's time to do so where "the failure to act [in a timely manner] . . . was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B); *see In re Lynch*, 430 F.3d at 603.

Rule 8018(a) of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

> Unless the district court . . . excuses the filing of briefs or sets a different time . . . [t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically.

Fed. R. Bankr. P. 8018(a)(1). When "an appellant fails to file a brief on time or within an extended time authorized by the district court . . . , the district court . . . may, on its own after notice or on the appellee's motion, dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4); *see In re Lynch*, No. 19-2965, 2022 WL 16467, at *1 (2d Cir. Jan. 3, 2022) (holding that the "district court is permitted to dismiss a bankruptcy appeal if the appellant fails to file a brief"). Relatedly, Rule 8003(a)(2) authorizes a district court to "act as it considers appropriate, including dismissing the appeal," where an appellant fails "to take any step other than the timely filing [of] a notice of appeal." Fed. R. Bankr. P. 8003(a)(2).

The time limitations imposed by the bankruptcy rules "are not jurisdictional, and hence the district court is not required to automatically dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987). When

considering dismissal for failure to make timely initial filings, a court "should exercise discretion to determine whether dismissal is appropriate [under] the circumstances." *Id*. Among the factors that a court may consider in determining if dismissal is appropriate is whether the failure to comply was due to bad faith, negligence or indifference. *Id*. In this light, dismissal is warranted when the failure to perfect or prosecute a bankruptcy appeal was "inexcusable." *Burton v. Schachter*, 99 F. App'x 333, 335 (2d Cir. 2004) (holding a bankruptcy appeal should be dismissed when failure to prosecute was inexcusable"); *see In re Tampa Chain Co.*, 835 F.2d at 56. That said, a district court may accept an untimely filing "where the failure to act was the result of excusable neglect." *In re Lynch,* 430 F.3d at 603; *see In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005).

In evaluating whether a party's neglect is excusable, courts generally consider "(1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Enron Corp.*, 419 F.3d at 122; *see In re Lynch*, 430 F.3d at 603. The Second Circuit has instructed that courts should focus on the third factor, namely "the reason for the delay, including whether the delay was within the reasonable control of the movant, and take a "hard line" in applying these factors because the "burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, 419 F.3d at 121-22. With respect to the third factor, the Circuit has cautioned that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule where the rule is entirely clear." *Id.* at 123; *see Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 155, 366 (2d Cir. 2003) (same); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)

(concluding "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect").

Moreover, similar principles apply under the Federal Rules of Civil Procedure. [2] It is axiomatic that a district court has the inherent authority to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (recognizing a district court's inherent authority to dismiss *sua sponte* for failure to prosecute); *see also Zaretsky v. Zaretsky*, No. 19-CV-6790 (JMA), 2021 WL 327707, at *1 (E.D.N.Y. Feb. 1, 2021) (holding that a "district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*"); *Fetman v. Aish Hatorah of New York, Inc.*, No. 17 CV 1247 (ENV), 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (same); *cf. Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001).

Whether analyzed under Rules 8003, 8009, 8018 of the Federal Rules of Bankruptcy Procedure or under Rule 41(b) of the Federal Rules of Civil Procedure, the applicable factors weigh in favor of dismissal. With respect to the Federal Rules of Bankruptcy Procedure, appellant failed to file a designation and statement, which under the applicable Rule, should have

---

[2] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order," Fed. R. Civ. P. 41(b), and applies in the context of bankruptcy appeals as well, *see Fetman*, 2018 WL 4288630, at *2 (collecting cases); *see also In re Archibald*, No. 23-CV-10462 (KMK), 2024 WL 2093644, at *1 (S.D.N.Y. May 9, 2024). Among the relevant factors that the Court may consider in weighing whether dismissal is appropriate in this context are "1) the duration of appellant's failures or non-compliance; 2) whether appellant had notice that such conduct would result in dismissal; 3) whether prejudice to the appellee is likely to result; 4) the balance of the court's interest in managing its docket against appellant's interest in receiving an opportunity to be heard; and 5) the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir 2000); *see Zaretsky v. Zaretsky*, No. 19-CV-6790 (JMA), 2021 WL 327707, at *1 (E.D.N.Y. Feb. 1, 2021) (holding that district courts in this Circuit look to various factors when weighing its power to *sua sponte* dismiss a bankruptcy appeal for failure to prosecute).

been filed by August 25, 2025. *See* Fed. R. Bankr. P. 8009(a)(1). Courts in this Circuit routinely dismiss appeals for an appellant's complete failure to file a designation and statement. *See, e.g., In re Aberdeen Enters., Inc.*, No. 24-CV-7744 (GRB), 2025 WL 2550003, at *5 (E.D.N.Y. Sept. 4, 2025) (dismissing a bankruptcy appeal where appellant had not filed a designation and statement eight months after the deadline); *Koch v. Preuss*, No. 19-CV-2830 (KMK), 2020 WL 1304084, at *3-4 (S.D.N.Y. Mar. 18, 2020) (dismissing a bankruptcy appeal where appellant failed to file a designation and statement and repeatedly failed to communicate with the court for months at a time).

Appellant also has not filed her appellate brief, which under the applicable Rule, should have been filed by October 8, 2025. *See* Fed. R. Bankr. P. 8018. Courts have found that an appellant's failure to file a timely brief is inexcusable where an appellant fails to provide a reason for the delay or otherwise communicate with the court for months after the notice of the bankruptcy appeal has been docketed. *See, e.g., In re Tampa Chain Co.*, 835 F.2d at 56 (affirming a dismissal of a bankruptcy appeal where appellant failed to file a brief seven months after the due date and provided no excuse or explanation for the delay); *In re Blankson*, No. 18-CV-6001 (MKB), 2019 WL 2504099, at *2 (E.D.N.Y. June 17, 2019) (dismissing a bankruptcy appeal for failure to file a timely brief or to make any submissions to the court to explain the reason for the delay); *Babcock v. Philp*, No. 08-CV-1158 (JFB), 2008 WL 4948447, at *2 (E.D.N.Y. Oct. 31, 2008) (dismissing a bankruptcy appeal for "failure to timely file a brief" and failure "to provide an explanation for the late filing within several months of the missed due date" ). In this case, appellant missed two deadlines for filing her appellate brief. Appellant failed to file her brief within the thirty-day deadline outlined by Rule 8018, which was due over ten months ago. Appellant missed the May 29, 2026 deadline set by the undersigned and has

provided no explanation or response to the Court's order in the months since the second deadline passed.

Further, while in a "typical case," the danger of prejudice, length of delay and good faith factors weigh in favor of a party seeking an extension of time to file, *In re Enron Corp.*, 419 F.3d at 122, here appellant has not sought an extension. Even assuming arguendo that these three factors weigh in favor of Smith-O'Neill, the third factor, the reason for the delay, is dispositive. Appellant has offered no explanation as to whether her neglect of this appeal is in any way excusable. In fact, she has failed to make any submissions in this case to explain the reason for the delay or otherwise communicate with this Court since filing the notice of appeal over one year ago. The Court finds this conduct and lengthy delay to be inexcusable under the circumstances. Hence, dismissal of this appeal is proper under the bankruptcy rules.

As to Rule 41(b), the relevant factors also weigh in favor of dismissal. As an initial matter, appellant has taken no action to prosecute her case since filing the notice of appeal on August 11, 2025. Appellant failed to file a designation and statement or a brief in support of her appeal. There has been no activity on the docket other than the Clerk's and the Court's orders. As noted, Smith-O'Neill offered no explanation or excuse for failing to pursue her appeal and has not communicated with the Court for over a year. This delay is sufficient to warrant dismissal. *See Zaretsky*, 2021 WL 327707, at *1 (dismissing a bankruptcy appeal for failure to prosecute where appellant failed to communicate with the court since filing the bankruptcy record and offered no excuse for her failure to prosecute); *Fetman*, 2018 WL 4288630, at *2 (dismissing a bankruptcy appeal for failure to prosecute *sua sponte* where appellants "flatly ignored procedural rules and several orders of this Court for more than a year"); *see also In re Manchanda*, No. 23-CV-11308 (CS), 2024 WL 1348793, at *1 (S.D.N.Y. Mar. 29, 2024) (finding

delay sufficient to *sua sponte* dismiss a bankruptcy appeal for failure to prosecute where three months had passed "since the notice of appeal was docketed"); *Balderramo v. Go New York Tours Inc.*, No. 15-CV-2326 (ER), 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) (observing that "[i]n this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41").

In addition, appellant failed to comply with the undersigned's order, which specifically provided her with notice that the Court would dismiss the appeal in the absence of a response. By failing to respond, Smith-O'Neill "has demonstrated indifference and neglect of this case, if not intentional abandonment." *In re Manchanda*, 2024 WL 1348793, at *1. Further, "noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-08245 (PMH), 2023 WL 145521, at *2 (S.D.N.Y. Jan. 10, 2023). The undersigned also notes that because appellant failed to comply with the Court's directive and has not taken any steps to advance this matter, her delay was inexcusable and prejudice may be presumed. *See In re Manchanda*, 2024 WL 1348793, at *2 (finding "prejudice may be presumed" when appellant's delay is "inexcusable"); *In re Archibald*, 2024 WL 2093644, at *4 (noting prejudice may be presumed where a litigant failed to comply with court orders and delay was inexcusable); *Sanango,* 2023 WL 145521, at *2 (finding "prejudice can be presumed" when a litigant's delay was "lengthy and inexcusable").

Finally, the Court has considered the efficacy of sanctions less severe than dismissal. On the totality of the circumstances, including Smith-O'Neill's failure to respond to the Court's express warning of dismissal, it is unlikely that a lesser sanction would be effective to compel her future compliance with judicial orders. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520

F.3d 176, 178 (2d Cir. 2008) (holding that it was "unclear that a lesser sanction would have proved effective in this case" given plaintiff's failure to respond to the district court's notice); *see also Brow v. City of New* York, 391 F. App'x 935, 937 (2d Cir. 2010) (holding "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"); *Krichevsky v. DeRosa*, No. 22-cv-4472 (LDH), 2023 WL 6385713, at *3 (E.D.N.Y. Sept. 29, 2023) (finding that "given appellant's repeated failures to respond to the court's orders, no lesser sanction [than dismissal] would be effective").

Accordingly, because appellant has offered no excuse for her delay and failure to proceed, and for all the reasons set forth above, this appeal is dismissed pursuant to the Federal Rules of Bankruptcy Procedure and independently for failure to prosecute under Rule 41(b).

## CONCLUSION

For the foregoing reasons, appellant's appeal is dismissed. The Clerk of the Court shall enter judgment accordingly and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 27, 2026

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge